IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DWIGHT PURK,

       Plaintiff,      :      Case No. 3:12-cv-174

                                                District Judge Thomas M. Rose
    -vs-                                  Magistrate Judge Michael R. Merz

                                             :

CHINA EAST RESTAURANT,

       Defendant.

**REPORT AND RECOMMENDATIONS**

This case is before the Court on the Application of Dwight Purk to proceed *in forma pauperis* (Doc. No. 1). A request to proceed *in forma pauperis* is a hybrid matter such that a Magistrate Judge may grant it, but denial can only be made by a District Judge. The Complaint in this case purports to state a claim for handicap discrimination and associated torts arising from Plaintiff's visit to the China East Restaurant in Piqua on June 8, 2012.

Entirely apart from any consideration of the merits of the Complaint, the Court should deny Plaintiff leave to proceed *in forma pauperis* because of his prior history of extraordinarily vexatious litigation in this Court. That history resulted in an Order by Chief Judge Carl B. Rubin more than twenty years ago in Case No. MC-3-91-009 which provided in part that

> No pleading will be accepted, even with a tender of costs should there be any outstanding monetary assessment against Mr. Purk either by reason of violation of Rule 11, imposition of double costs by the United States Court of Appeals for the Sixth Circuit or the imposition of any other costs by the United States District Court for the Southern District of Ohio.

(Order, In re Dwight Purk, Case No. MC-3-91-009 (S.D. Ohio Mar. 7, 1991)(unreported, copy at PageID 258 in Case No. 3:03-cv-287.) That Order has been enforced by this Court in *Purk v. United States of America*, Case No. 3:03-cv-287, 2005 WL 2124157 (S.D. Ohio Aug. 30, 2005), adopting Report and Recommendations, 2005 WL 776135 (S.D. Ohio Feb. 4, 2005).

Mr. Purk recognizes the continued application of Chief Judge Rubin's Order because he attaches to his Application a request to the present Chief Judge, Susan J. Dlott, to inform Judges Rice, Beckwith, and the undersigned that he is "sorry for his actions" and asking her to lift the bar until this case is settled. Alternatively, he asks to be put on a monthly payment plan starting in July 2012 at some unspecified amount.

The bar should not be lifted. Before he was barred, Mr. Purk filed literally dozens of frivolous cases and appeals. As of the time Magistrate Judge Ovington recommended dismissal of one of those cases in February, 2005, Mr. Purk had "not demonstrated, much less indicated, that he has satisfied the $4,000.00 sanction imposed on him by the Court of Appeals in 2003." 2005 WL 776135 at *2. That situation has not changed. Nothing in the Application shows that Mr. Purk has done anything in the last seven years to satisfy any of that obligation.

The Application should be denied.

June 14, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically

extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).